UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEW S. MCGINNIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-23-641-G |
| ) | |
| **NATIONWIDE LIFE AND ANNUITY** ) | |
| **INSURANCE CO. et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Now before the Court is Defendants Nationwide Life and Annuity Insurance Company and Nationwide Life Insurance Company's Motion to Dismiss (Doc. No. 18). Plaintiff Lew S. McGinnis has responded in opposition (Doc. No. 32). Defendants have replied in further support of their Motion (Doc. No. 34).

### BACKGROUND

Plaintiff filed this action on July 21, 2023, against Defendants Nationwide Life and Annuity Insurance Company ("NLAIC"), Nationwide Life Insurance Company ("NLIC") (together, the "Nationwide Defendants"), James A. Mueller, and The ASA Group ("ASA"). *See* Compl. (Doc. No. 1) at 1. Plaintiff alleges that he met Defendant Mueller, a life insurance agent, at church while living in Oklahoma and came to know and trust him. *See id.* ¶¶ 14-16. Plaintiff alleges that Defendant Mueller sold Plaintiff a life insurance policy or policies issued by the Nationwide Defendants known as a "Universal Life" policy. *Id.* ¶¶ 7, 21-25. Plaintiff alleges that the "Universal Life" coverage he was sold

was different than what he initially was promised by Defendant Mueller and was unsuitable for Plaintiff's needs. *Id.*

Plaintiff alleges that Defendant Mueller placed the insurance through Defendant ASA, which had a general agency contract with the Nationwide Defendants. *See id.* ¶ 20. Plaintiff alleges that Defendant ASA "brokered the subject Nationwide insurance product policy or policies" and "worked with Defendant Mueller to market and sell them to the Plaintiff at the time Plaintiff was a resident of Oklahoma." *Id.* ¶ 13.

Plaintiff alleges that the Defendants failed to deliver the insurance policy or policies. *Id.* ¶¶ 26-28. Plaintiff alleges that, on or about October 31, 2018, he became aware of misrepresentations and omissions made by Defendants. *Id.* ¶ 29.

Plaintiff now brings the following Oklahoma state-law claims against the Nationwide Defendants on the basis of diversity of citizenship:

- Count II: Constructive Fraud;
- Count III: Common Law Fraud;
- Count IV: Breach of Contract;
- Count V: Negligent Misrepresentation;
- Count VI: Violation of the Oklahoma Consumer Protection Act ("OCPA"); and
- Count VII: Deceptive Insurance Practices in Violation of Title 36, Section 1204 of the Oklahoma Statutes.

*See* Compl. ¶¶ 1-4, 35-57; 28 U.S.C. § 1332(a).

LEGAL STANDARD

In analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

DISCUSSION

I. *Time-Barred Claims*

The Nationwide Defendants argue that Plaintiff's constructive fraud, common law fraud, negligent misrepresentation, and OCPA claims should be dismissed as time barred. *See* Nationwide Defs.' Mot. at 10.  When an argument is made in a motion to dismiss that a claim is precluded by a statute of limitations, which is an affirmative defense, the motion may be granted only if "the dates given in the complaint make clear that the right sued upon has been extinguished" and the allegations fail to "establish[] a factual basis for

tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Under Oklahoma law, a two-year limitations period applies to Plaintiff's fraud and negligent misrepresentation claims. *See* Okla. Stat. tit. 12, § 95(A)(3); *LL Ark Props. LLC v. David Stanley Fam. Realty, LLC,* No. CIV-19-464-SLP, 2022 WL 5245205, at *3 (W.D. Okla. Aug. 11, 2022). A three-year limitations period applies to Plaintiff's OCPA claim. *See Legacy Crossing, L.L.C. v. Travis Wolff & Co.*, 229 F. App'x 672, 682 (10th Cir. 2007) (citing Okla. Stat. tit. 12, § 95(A)(2)).[1] "[U]nder Oklahoma's 'discovery rule,' a statute of limitations is tolled 'until the injured party knows, or in the exercise of reasonable diligence, should have known of the injury.'" *LL Ark Props.*, 2022 WL 5245205, at *3 (quoting *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016)).

Plaintiff alleges that he became aware of Defendants' alleged misrepresentations and omissions on or about October 31, 2018, *see* Compl. ¶ 29, approximately four years and nine months prior to filing this suit in July of 2023. Accordingly, "the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich*, 627 F.2d at 1041 n.4. Plaintiff argues, however, that the limitations period is or ought to be tolled under Oklahoma's saving statute, Okla. Stat. tit. 12, § 100, or equitable tolling principles. *See* Pl.'s Resp. ¶¶ 16-17.

---

[1] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits, including statutes of limitations. *See Miller v. Armstrong World Indus., Inc.*, 949 F.2d 1088, 1089 n.3 (10th Cir. 1991). Both parties assume that Oklahoma's limitations periods described above apply. *See* Nationwide Defs.' Mot. at 11; Pl.'s Resp. ¶ 14.

4

Plaintiff previously filed suit against Defendant NLAIC (and also Defendants Mueller and ASA) in the United States District Court for the Northern District of Texas. That case was dismissed for lack of subject-matter jurisdiction because the record reflected that both Plaintiff and Mr. Mueller were citizens of Oklahoma for diversity purposes. *See id.*; *McGinnis v. Nationwide Life & Annuity Ins. Co.*, No. 3:20-CV-3138, 2021 WL 2531190, at *2 (N.D. Tex. June 21, 2021), *appeal dismissed*, No. 21-10735, 2022 WL 670153 (5th Cir. Mar. 7, 2022). Plaintiff then filed a lawsuit against Defendant NLAIC (and also Defendants Mueller and ASA) in Texas state court; upon removal to the United States District Court for the Northern District of Texas on the basis of diversity, that case was dismissed without prejudice for lack of personal jurisdiction over the three defendants. *See McGinnis*, 2022 WL 670153, at *1 & n.1; *McGinnis v. Nationwide Life & Annuity Ins. Co.*, No. 3:21-CV-1988, 2023 WL 4274990, at *4-8 (N.D. Tex. June 29, 2023).[2]

Oklahoma's savings statute provides that a new action is not time barred if it is commenced within one year of a timely filed action being dismissed on grounds other than the merits. *See* Okla. Stat. tit. 12, § 100. "Complaints filed in other states, however, cannot trigger the Oklahoma savings statute." *Breedlove v. Costner*, 405 F. App'x 338, 342 (10th Cir. 2010) (citing *Morris v. Wise*, 293 P.2d 547, 550 (Okla. 1956)). This exception to the savings statute applies whether the original action was filed in a court of a foreign state or in a federal court whose jurisdiction is within a foreign state. *See, e.g.*, *id.* (holding that

---

[2] The Court may properly take judicial notice of facts that are a matter of public record in considering Defendants' Motion to Dismiss. *See Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020).

Oklahoma's saving statute did not apply when prior action was filed in a federal court in the State of Washington); *Morris*, 293 P.2d at 551 ("The filing of this action in the United States District Court in Texas did not authorize the filing of another action in this state within one year period following the dismissal."). Accordingly, the limitations periods for Plaintiff's claims are not tolled by Oklahoma's saving statute based upon his prior Texas lawsuits.

As for equitable tolling, Oklahoma permits the tolling of a statute of limitations (1) where there exists a "legal disability," such as when "a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority"; or (2) "when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (internal quotation marks omitted). Tolling may also be appropriate where "exceptional circumstances" made it impossible for the plaintiff to file his or her claims within the statutory period. *Id.*; *see also United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001).

Here, Plaintiff has not alleged or otherwise established any facts that would support a recognized ground for equitable tolling. Plaintiff does not allege that he suffered a legal disability. Nor does he allege that Defendants engaged in fraudulent or misleading conduct directed to delaying legal action by Plaintiff beyond the applicable limitation periods. Instead, Plaintiff argues that exceptional circumstances permit equitable tolling because, in essence, Defendants "gam[ed] the system" by successfully litigating jurisdictional issues in the Texas proceedings. Pl.'s Resp. ¶ 17. But Plaintiff chose to file his prior actions in

Texas. The Court does not find that Defendants' litigation success is an exceptional circumstance warranting equitable tolling.

Because Plaintiff's fraud, negligence, and OCPA claims were untimely filed, the Court dismisses these claims with prejudice. *See Chase v. Divine*, 543 F. App'x 767, 769 (10th Cir. 2013) (explaining that dismissal with prejudice is appropriate where a claim is time barred, making amendment futile).[3]

II.     *Breach of Contract*

The Nationwide Defendants argue that Plaintiff's breach of contract claim should be dismissed for failure to adequately plead a claim upon which relief can be granted. *See* Nationwide Defs.' Mot. at 20.

Under Oklahoma law, to recover for breach of contract a plaintiff must show: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).

Plaintiff alleges that a policy or multiple policies were sold to him on an unspecified date. Compl. ¶¶ 20-25. He alleges that "[the Nationwide Defendants] failed to verify product suitability despite being able to do so" but does not allege that they were contractually obliged to do so. *See id.* ¶ 28. Plaintiff also alleges that the Nationwide Defendants "breached several warranties as to policy performance" but does not identify what those warranties are or how they were breached. *See id.* Plaintiff alleges that "[a]though the Defendants failed to deliver the issued policies to [Plaintiff], there

---

[3] Because the Court concludes that these claims are time barred, it need not consider the Nationwide Defendants' other arguments for dismissal.

7

nevertheless was a valid and enforceable agreement between [Plaintiff] and the Defendants." *Id.* ¶ 42. Plaintiff alleges that he was "unjustifiably denied performance by Defendants, which resulted in the lapse of insurance policies issued to Plaintiff." *Id.* ¶ 42.

While minimal, the Court finds that these allegations plausibly support a claim under Oklahoma law that the Nationwide Defendants breached an insurance contract between them and Plaintiff. To this extent, the Motion to Dismiss is denied.

### III.  *Deceptive Insurance Practices*

Plaintiff seeks relief for Defendants' "deceptive conduct" under title 36, section 1204 of the Oklahoma Statutes. *See* Compl. ¶ 55. The Nationwide Defendants argue, and Plaintiff concedes, that Plaintiff's statutory deceptive insurance practices claims should be dismissed because there is no private right of action to bring them. *See* Nationwide Defs.' Mot. at 19; Pl.'s Resp. ¶ 35. Accordingly, Plaintiff's claim for relief under title 36, section 1204 of the Oklahoma Statutes is dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, Defendants Nationwide Life and Annuity Insurance Company and Nationwide Life Insurance Company's Motion to Dismiss (Doc. No. 18) is GRANTED IN PART and DENIED IN PART.

Plaintiff's constructive fraud, common law fraud, negligent misrepresentation, Oklahoma Consumer Protection Act, and statutory deceptive insurance practices claims are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's breach of contract claim remains pending.

IT IS SO ORDERED this 27th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge