UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LEW S. MCGINNIS,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )    Case No. CIV-23-641-G
                                          )
NATIONWIDE LIFE AND ANNUITY               )
INSURANCE CO. et al.,                     )
                                          )
        Defendants.                       )

## ORDER

Now before the Court is Defendant The ASA Group's ("ASA" or "Defendant")
Motion to Dismiss (Doc. No. 6). Plaintiff Lew S. McGinnis has responded in opposition
(Doc. No. 19).

### BACKGROUND

Plaintiff filed this diversity action on July 21, 2023, against Defendants Nationwide
Life and Annuity Insurance Company ("NLAIC"), Nationwide Life Insurance Company
("NLIC") (together, the "Nationwide Defendants"), James A. Mueller ("Mueller"), and
ASA. *See* Compl. (Doc. No. 1) at 1. Plaintiff alleges that he met Mueller, a life insurance
agent, at church while living in Oklahoma and came to know and trust him. *See id.* ¶¶ 14-
16. Plaintiff eventually purchased a life insurance policy from Mueller known as Universal
Life that was unsuitable for Plaintiff's needs. *Id.* ¶¶ 21-25. Mueller allegedly placed the
insurance through ASA, which had a general agency contract with the Nationwide
Defendants. *See id.* ¶ 20. Plaintiff alleges that Mueller was an agent of ASA and that ASA
was an agent of the Nationwide Defendants. *See id.* ¶¶ 6-7. Plaintiff alleges that ASA

"brokered the subject Nationwide insurance product policy or policies" and "worked with Defendant Mueller to market and sell them to the Plaintiff at the time Plaintiff was a resident of Oklahoma." *Id.* ¶ 13.

Plaintiff alleges that, on or about October 31, 2018, he became aware of misrepresentations and omissions made by Defendants. *Id.* ¶ 29. Plaintiff asserts multiple state-law claims against Defendants based on these alleged misrepresentations and omissions. *See id.* ¶¶ 31-57.

DISCUSSION

Defendant ASA moves in relevant part to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that the Court lacks personal jurisdiction over it. *See* Def.'s Mot. at 4; Fed. R. Civ. P. 12(b)(2).

I.     *Plaintiff's Burden to Establish Personal Jurisdiction*

When a court's jurisdiction over a defendant is contested, the plaintiff bears the burden of establishing personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). At the pleading stage, the plaintiff's burden is relatively light. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). Where, as here, the Court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff must make "a prima facie showing of personal jurisdiction to defeat the motion." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (internal quotation marks omitted). A plaintiff "may make this showing through affidavits or other written materials." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). For purposes of the

2

plaintiff's prima facie case, the allegations in the complaint are accepted as true to the extent they are uncontroverted by the defendant's affidavits. *See Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).

To establish personal jurisdiction over a nonresident in a diversity action, a plaintiff "must demonstrate that jurisdiction is proper under the laws of the forum state—in this case Oklahoma—and that the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment." *Dental Dynamics*, 946 F.3d at 1228. Oklahoma has enacted a "long-arm" statute that authorizes its courts to exercise jurisdiction to the maximum extent permitted by the U.S. Constitution, as well as the Oklahoma Constitution. *See id.* at 1229 (citing Okla. Stat. tit. 12, § 2004(F)). Accordingly, the Court's inquiry is reduced to a single question: whether the Court's exercise of jurisdiction over Defendant is consistent with constitutional due process. *See id.*; *Shrader*, 633 F.3d at 1239.

## II.    *Minimum-Contacts Analysis*

"The Due Process Clause authorizes personal jurisdiction" if the defendant "purposefully established minimum contacts within the forum state" and the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Dental Dynamics*, 946 F.3d at 1229 (internal quotation marks omitted). Depending on the facts, "an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Old Republic Ins. Co.*, 877 F.3d at 903; *see also OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090-91 (10th Cir. 1998) (explaining that the "minimum contacts" standard may be satisfied by showing either general or specific jurisdiction).

3

Here, Defendant challenges Plaintiff's ability to show minimum contacts that would support the exercise of either general or specific jurisdiction.

### A. General Jurisdiction

A court may exercise general jurisdiction over a foreign corporation when the corporation's contacts with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924.

According to the Complaint, ASA is a foreign corporation organized under the laws of Arkansas with its principal place of business in Arkansas. *See* Compl. ¶ 6. Plaintiff alleges that Mueller was an agent of ASA and that ASA was an agent of the Nationwide Defendants "through Defendant [Mueller]." *Id.*; *see id.* ¶ 7. Plaintiff alleges that ASA "brokered the subject Nationwide insurance product policy or policies, and worked with Defendant Mueller to market and sell them to the Plaintiff at the time Plaintiff was a resident of Oklahoma." *Id.* ¶ 13.

Such allegations do not plausibly support an inference that ASA has "continuous or systematic" contacts with the State of Oklahoma. ASA, further, has submitted an affidavit from Luke Ramsey, the Vice President of Agency Services for ASA, declaring that:

- ASA does not direct any marketing, advertisement, or solicitation toward Oklahoma;

- ASA does not have any office, agent, employee, or property in Oklahoma;

- Mueller is not an agent, employee, franchisee, or licensee of ASA; and

- ASA did not anticipate being subjected to the jurisdiction of a court in Oklahoma and did not acquiesce by agreement or otherwise to jurisdiction in Oklahoma.

*See* Ramsey Aff. (Doc. No. 6-1) ¶¶ 1-7.

Plaintiff, in turn, has submitted an affidavit from Joyce Lindauer, an attorney for Plaintiff, declaring that ASA is registered as a foreign for-profit business corporation with the Oklahoma Secretary of State and that in online material ASA holds itself out as doing business in every state. *See* Pl.'s Resp. ¶ 4(a)-(b); Lindauer Aff. (Doc. No. 19, at 11-12) ¶¶ 1-3. Plaintiff also restates his allegation that, "[o]n information and belief," Mueller is an agent of ASA, arguing that ASA's holding itself out as "work[ing] with financial professionals" supports an inference that Mueller is ASA's agent. Pl.'s Resp. ¶ 4(d).

Although factual disputes from "conflicting affidavits" "must be resolved in the plaintiff's favor," Plaintiff here has presented no affidavit testimony or other evidence contradicting any fact offered by Defendant ASA beyond the suggestion that ASA does no business in Oklahoma. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). The Court accepts and credits Plaintiff's evidence that Defendant ASA is registered to do business in Oklahoma and does some amount of business in Oklahoma. Conducting minimal business in a state is not sufficient by itself to establish general jurisdiction, however. *See Tarver v. Ford Motor Co.*, No. CIV-16-548-D, 2016 WL 7077045, at *3 (W.D. Okla. Dec. 5, 2016). Plaintiff has not shown the type of "continuous and systematic general business contacts" with Oklahoma that would subject Defendant ASA to general

jurisdiction in this forum.  *Goodyear Dunlop*, 564 U.S. at 929 (internal quotation marks omitted); *see also Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) ("These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a forum-state] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world.").

### B.  Specific Jurisdiction

A court may exercise specific jurisdiction over an out-of-state defendant if the plaintiff's lawsuit arises out of the defendant's contacts with the forum state.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop*, 564 U.S. at 919 (explaining that "[s]pecific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy" (alteration and internal quotation marks omitted)).  Thus, to establish minimum contacts for specific jurisdiction, the plaintiff must show: (1) that the defendant "purposefully directed its activities at residents of the forum state"; and (2) that "the plaintiff's injuries . . . [arose] out of the defendant's forum-related activities."  *Old Republic Ins. Co.*, 877 F.3d at 904 (alteration and internal quotation marks omitted).  If the plaintiff makes this showing, the court may exercise specific jurisdiction unless the defendant presents a "compelling case that the presence of some other considerations would render jurisdiction unreasonable."  *Id.* (internal quotation marks omitted).

Defendant argues that Plaintiff's Complaint "is devoid of specific allegations as to how ASA purposefully availed itself of the privilege of acting *in Oklahoma* with respect to Plaintiff's insurance policies."  Def.'s Mot. at 7.  The Court agrees.

Plaintiff's primary argument for jurisdiction over ASA hinges on an alleged agency relationship between ASA and Mueller. *See* Compl. ¶¶ 6-7. Defendant ASA has presented evidence that Defendant Mueller is not its agent. *See* Ramsey Aff. ¶¶ 4-7. Plaintiff suggests otherwise, on the basis of his "information and belief," but has offered no evidence sufficient to refute the affidavit testimony submitted by Defendant ASA.

Plaintiff also alleges that Defendant ASA "brokered the subject Nationwide insurance product policy or policies, and worked with Defendant Mueller to market and sell them to the Plaintiff." Compl. ¶ 13. The Court finds that this allegation is too vague to meet Plaintiff's burden to show purposeful direction. All that can be reasonably inferred is that Mueller, somehow and to some extent, worked with ASA to procure a life insurance policy (or policies) from the Nationwide Defendants. Without more information, the Court is unable to find that Plaintiff's injuries arose from ASA's Oklahoma-related activities or that ASA purposefully directed its activity toward Oklahoma. Accordingly, Plaintiff has failed to establish personal jurisdiction over ASA.

Plaintiff alternatively requests that he be permitted to "conduct discovery of ASA's business affairs in order to determine additional relevant facts as may be required to support the Complaint." Pl.'s Resp. ¶ 10. Whether to grant or deny such a request is within the Court's discretion. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 102 (10th Cir. 2012) (citing *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188-89 (10th Cir. 2010)). Plaintiff has the burden of demonstrating a legal entitlement to jurisdictional discovery and how he will be prejudiced from the denial of such discovery. *See id.* at 103. "[P]rejudice is present where pertinent facts bearing on the

question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (emphasis and internal quotation marks omitted).

Upon consideration, the Court concludes that jurisdictional discovery is not warranted at this juncture. At bottom, Plaintiff's Complaint offers vague, conclusory allegations regarding the relationship between the parties and how Plaintiff's injuries relate to each party. With respect to ASA, Plaintiff's allegations rely primarily on a theory of Mueller being ASA's agent, to which ASA has provided unrefuted evidence to the contrary. Plaintiff has not shown that his requested jurisdictional discovery would be "anything more than a fishing expedition." *Ortiz v. Alfa Laval India Pvt. Ltd.*, No. CIV-19-869-J, 2020 WL 6531946, at *4 (W.D. Okla. Mar. 20, 2020); *see also Shrader*, 633 F.3d at 1248 ("[E]ven well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit . . . . Thus, absent an opposing showing by [the plaintiff], through specific averments, verified allegations, or other evidence sufficient to create a genuine issue of fact, [the defendant's] affidavits carry the issue.").

## III.    *Plaintiff's Request to Amend Complaint*

Finally, Plaintiff requests that he be allowed to amend his Complaint "[s]hould the Court find that any part of the Complaint fails to offer sufficient facts to support personal jurisdiction." Pl.'s Resp. ¶ 10. Plaintiff's broad request fails to explain how he would adequately plead the facts essential to show jurisdiction, or to show that justice requires amendment at this stage, and therefore is denied without prejudice. *See* Fed. R. Civ. P. 15(a)(2); *cf.* LCvR 15.1 (requiring proposed pleading to be submitted with motion to amend).

CONCLUSION

For the foregoing reasons, Defendant The ASA Group's Motion to Dismiss (Doc. No. 6) is GRANTED. Plaintiff's claims against this defendant are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(2).

IT IS SO ORDERED this 27th day of September, 2024.

CHARLES B. GOODWIN
United States District Judge