## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEW S. MCGINNIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-23-641-G |
| | ) |
| NATIONWIDE LIFE AND ANNUITY | ) |
| INSURANCE CO. et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Now before the Court is Defendant Nationwide Life and Annuity Insurance Co.'s Motion for Summary Judgment (Doc. No. 71). Plaintiff Lew S. McGinnis has responded in opposition (Doc. No. 77), and Defendant Nationwide Life and Annuity Insurance Co. has replied (Doc. No. 82).

*I.*     *Background*

Plaintiff filed this action on July 21, 2023, against Defendants Nationwide Life and Annuity Insurance Co. ("Nationwide Annuity"), Nationwide Life Insurance Co. (together, the "Nationwide Defendants"), James A. Mueller, and The ASA Group. *See* Compl. (Doc. No. 1) at 1. Still pending, following the Court's Orders of September 27, 2024, are claims of breach of contract against each of the Nationwide Defendants as well as various claims against Defendant Mueller; all claims against Defendant The ASA Group were dismissed. *See* Nationwide Order of Sept. 27, 2024 (Doc. No. 43); Dismissal Order of Sept. 27, 2024 (Doc. No. 44). Defendant Nationwide Annuity now moves for summary judgment on the remaining claim against it for breach of contract.

*II.    Standard of Review*

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B). While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola*

*Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

    III.    *Summary Judgment Record*

Based on the materials presented and applying the standards described above, the following facts are either not subject to any genuine dispute or, when such a dispute has been shown, have been accepted by the Court upon viewing the evidence and all reasonable inferences in the light most favorable to Plaintiff. *See* Fed. R. Civ. P. 56. Other material facts, determined upon applying these same standards, are specifically addressed in the Court's discussion below.

Defendant Mueller is an independent insurance agent who was affiliated with former defendant The ASA Group for 20 years. Mueller Decl. ¶¶ 2-3 (Doc. No. 71-2). Through Defendant Mueller, Plaintiff purchased life insurance from various insurers. *See* Pl.'s Dep. 21:11-17 (Doc. No. 71-1); *id.* Ex. 38; Mueller Decl. ¶ 6.

Between 2016 and 2017, Defendant Mueller procured two life insurance policies for Plaintiff from Defendant Nationwide Life and Annuity Insurance Co.: Policy Nos. B501931250 and B502053550 (respectively, the "1250 Policy" and the "3550 Policy"; collectively, the "Policies"). *See* Fluharty Decl. ¶¶ 9, 12, 14 (Doc. No. 71-3); *id.* Exs. 3-3, 3-4 (1250 Policy), 3-6 (1250 Receipt), 3-7 (1250 Check), 3-15 (1250 Payments); Fluharty Decl. ¶¶ 16, 20-22; *id.* Exs. 3-9, 3-10 (3550 Policy), 3-13 (3350 Receipt), 3-14 (3350 Check), 3-16 (3350 Payments).

Plaintiff alleges that Defendants misrepresented the nature of the Policies, sold Plaintiff a product unsuitable for his needs that failed to perform as guaranteed, and failed to physically deliver the Policies.  *See* Compl. ¶¶ 25-26, 28.

## IV.    *Discussion*

Defendant Nationwide Annuity asserts that Plaintiff's breach of contract claim, whether based on an oral or a written contract, is barred by the statute of limitations, entitling Defendant to summary judgment.  *See* Def. Nationwide Annuity's Mot. Summ. J. at 21-23.  Plaintiff argues that the claim is governed by and accrued within the five-year limitations period for written contracts and, because this case was initiated within five years of Plaintiff's October 31, 2018 discovery of Defendant Nationwide Annuity's breach, is not time barred.  *See* Pl.'s Resp. at 4-5.

"A federal court sitting in diversity applies state law for statute of limitations purposes," and "state law determines when an action is commenced for statute of limitations purposes."  *Burnham v. Humphrey Hosp. REIT Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005).  State law also "governs when Plaintiff's claims accrued."  *Hi-Tex, LLC v. Vorel*, No. CIV-21-1125-D, 2025 WL 1679640, at *7 (W.D. Okla. June 13, 2025).  Therefore, Oklahoma law governs the Court's determination of the timeliness of Plaintiff's claim.

Pursuant to title 12, section 95(A)(1) and (2) of the Oklahoma Statutes, if an "instrument constitutes a written contract," then "the 5-year statute of limitations applies"; if the contract is "not in writing," "the 3-year statute of limitations applies."  *Harlow Publ'g Co. v. Patrick*, 72 P.2d 511, 512 (Okla. 1937) (citations omitted); Okla. Stat. tit. 12, § 95(A)(1), (2).  In Oklahoma, "[a]n action for breach of contract accrues when the contract

is breached," "regardless of whether the plaintiff knows, or in the exercise of reasonable diligence, should have known of the breach." *Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 745 (Okla. 2021).

The present action was filed on July 21, 2023. The relevant limitations period, as it pertains to Defendant Nationwide Annuity, is five years, as the claim arises from two written contracts, more specifically the "1250 Policy" and the "3550 Policy." *See* Compl. ¶¶ 25-26, 42; Pl.'s Resp. at 4; Nationwide Defs.' Mot. to Dismiss (Doc. No. 18) Exs. 1 (1250 Policy), 3 (3550 Policy).[1]

Plaintiff alleges that the Nationwide Defendants breached their contract by failing to honor the terms of the Policies as represented by Defendant Muller, failing to physically deliver the policies to Plaintiff, and failing to provide insurance coverage to Plaintiff. *See* Pl.'s Dep. 31:12-24, 108:2-16, 111:22-112:21, 119:22-120:6; Pl.'s Decl. ¶¶ 5-7, 10, 12-13 (Doc. No. 77, at pp. 14-18). The asserted breaches therefore occurred when the Policies were issued or when Plaintiff began making premium payments but failed to receive the expected benefit.

The 1250 Policy was issued October 26, 2016, and Plaintiff's first premium was received and went into force on or about November 3, 2016. *See* Fluharty Decl. ¶¶ 9, 12, 14; Exs. 3-3, 3-4 (1250 Policy), 3-6 (1250 Receipt), 3-7 (1250 Check), 3-15 (1250

---

[1] The parties dispute whether alleged oral modifications by Defendant Mueller affect the limitations period on the breach of contract claim. *See* Compl. ¶¶ 7, 28, 38; Def. Nationwide Annuity's Mot. Summ. J at 15, 17-18; Pl.'s Resp. at 8. The Court agrees with Plaintiff that the five-year limitations period applies but notes that the outcome would remain the same under the three-year period.

Payments).  The 3550 Policy was issued April 25, 2017, and Plaintiff's policy went into force May 19, 2017.  *See* Fluharty Decl. ¶¶ 16, 20, 21, 22; Exs. 3-9, 3-10 (3550 Policy), 3-13 (3350 Receipt), 3-14 (3350 Check), 3-16 (3350 Payments).  By August 7, 2017, Plaintiff expressed concern over Defendants' perceived nonperformance.  On that date, he wrote a letter to Defendant Mueller expressing that Nationwide Annuity was asking for premium payments he did not believe were owed.  *See* Pl.'s Dep. 162:10-163:1; *id.* Ex. 39.  At his deposition, Plaintiff confirmed that he knew he "had a problem with [his] policies" by that time.  Pl.'s Dep. 164:2-12.  By February of 2018, Plaintiff had received several notices alerting him of issues with the Policies.  *See* Fluharty Decl. Exs. 3-17, 3-18, 3-19 (notices issued by Defendant Nationwide Annuity to Plaintiff, all dated prior to February 2018, advising of potential lapse or termination of coverage).

The record therefore reflects no genuine dispute as to Defendant Nationwide Annuity's alleged breach occurring and being known to Plaintiff by February 2018 at the latest.  Because Plaintiff's breach of contract claim was not commenced until July 21, 2023, the claim is barred by the five-year limitations period of title 12, section 95(A)(1).  *See Morgan*, 488 P.3d at 750, 753.

Plaintiff objects, however, that any statute of limitations does not bar the claim because "even if the cause of action had first arisen as early as 2016 or 2017 . . . the nature of the breach of contract was continuous and ongoing."  Pl.'s Resp. at 5.  In a footnote citing decisions such as *Chickasaw Telephone Co. v. Southwestern Bell Mobile Systems, Inc.*, No. 96-6357, 1997 WL 290951 (10th Cir. May 27, 1997), Plaintiff nominally argues that Defendant Nationwide Annuity engaged in "a series of breaches each giving rise to a

cause of action."  Pl.'s Resp. at 5 n.9.  But Plaintiff does not cite any record evidence proving a series of breaches, instead merely arguing that "defendants failed and refused to deliver and issue the insurance policies he applied for and paid for, which was a breach of contract, and that breach continues to this day."  *Id.* at 5.  Such assertions fail to show a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c)(1); *Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991) ("Factual statements . . . attributable to counsel . . . do not constitute summary judgment evidence[.]").

Further, while Oklahoma does recognize a "continuous-accrual doctrine," which "treats each breach as an independently actionable wrong with its own time limit for recovery," such continuous accrual only applies to "a continuing or recurring obligation." *Express Servs., Inc. v. King*, No. CIV-15-1181-R, 2017 WL 3741555, at *8 (W.D. Okla. Aug. 30, 2017) (internal quotation marks omitted).  For the continuous-accrual doctrine to apply, Plaintiff would need to demonstrate that the insurance contract created continuing or recurring obligations on behalf of Defendant Nationwide Annuity.  Plaintiff cites to no contract term or on-point authority supporting the proposition that Defendant Nationwide Annuity's Policies "require[d] continuing performance for some period of time" or were an "installment contract." *Chickasaw Tel. Co.*, 1997 WL 290951, at *4 (internal quotation marks omitted).  Therefore, any injury suffered by Plaintiff after Defendant Nationwide Annuity's alleged failure to perform "constitutes damages flowing from the breach, not continuing breaches." *Id.*

Because Nationwide Annuity's alleged breach of contact occurred no later than February 2018, Plaintiff's breach of contract claim was required to be filed within five

years of that date. *See Morgan*, 488 P.3d at 750; Okla. Stat. tit. 12, § 95(A)(1). This action was not commenced until July 21, 2023. Therefore, Plaintiff's claim is time barred, and Defendant Nationwide Annuity is entitled to summary judgment.

CONCLUSION

For the foregoing reasons, Defendant Nationwide Life and Annuity Insurance Co.'s Motion for Summary Judgment (Doc. No. 71) is GRANTED. A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge