**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LEW S. MCGINNIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-23-641-G** |
| | ) |
| **NATIONWIDE LIFE AND ANNUITY** | ) |
| **INSURANCE CO. et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

Now before the Court is Defendant James A. Mueller's Motion for Summary Judgment (Doc. No. 74). Plaintiff Lew S. McGinnis has responded in opposition (Doc. No. 79), and Defendant Mueller has replied (Doc. No. 84).

*I.     Background*

Plaintiff filed this action on July 21, 2023, against Defendants Mueller, Nationwide Life and Annuity Insurance Co., Nationwide Life Insurance Co. (together, the "Nationwide Defendants"), and The ASA Group. *See* Compl. (Doc. No. 1) at 1. Still pending, following the Court's Nationwide Order of September 27, 2024, are claims of breach of contract against each of the Nationwide Defendants as well as claims against Defendant Mueller for breach of fiduciary duty, constructive fraud, common law fraud, breach of contract, negligent misrepresentation, violation of the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, § 753, and deceptive insurance practices in violation of title 36, section 1204 of the Oklahoma Statutes. *See* Compl. ¶¶ 31-57; Nationwide Order of Sept. 27, 2024 (Doc. No. 43). All claims against Defendant The ASA Group were

dismissed.  *See* Dismissal Order of Sept. 27, 2024 (Doc. No. 44).  Defendant Mueller moves for summary judgment on each of the claims against him.

## II.    Standard of Review

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim.  The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury.  *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B).  While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

### III.    *Summary Judgment Record*

Based on the materials presented and applying the standards described above, the following facts are either not subject to any genuine dispute or, when such a dispute has been shown, have been accepted by the Court upon viewing the evidence and all reasonable inferences in the light most favorable to Plaintiff.  *See* Fed. R. Civ. P. 56.  Other material facts, determined upon applying these same standards, are specifically addressed in the Court's discussion below.

Plaintiff and Defendant Mueller have known each other for approximately 30 to 40 years, having first met through church.  Pl.'s Dep. 21:4-10 (Doc. No. 71-1); Mueller Decl. ¶ 6 (Doc. No. 71-2).  Defendant Mueller is an independent insurance agent who was affiliated with former defendant The ASA Group for 20 years.  Mueller Decl. ¶¶ 2-3. Through Defendant Mueller, Plaintiff purchased life insurance from various insurers.  *See* Pl.'s Dep. 21:11-17; *id.* Ex. 38; Mueller Decl. ¶ 6.

Between 2016 and 2017, Defendant Mueller procured two life insurance policies for Plaintiff from Defendant Nationwide Life and Annuity Insurance Co.: Policy Nos. B501931250 and B502053550 (respectively, the "1250 Policy" and the "3550 Policy";

collectively, the "Policies"). *See* Fluharty Decl. ¶¶ 9, 12, 14 (Doc. No. 71-3); *id.* Exs. 3-3, 3-4 (1250 Policy), 3-6 (1250 Receipt), 3-7 (1250 Check), 3-15 (1250 Payments); Fluharty Decl. ¶¶ 16, 20-22; *id.* Exs. 3-9, 3-10 (3550 Policy), 3-13 (3350 Receipt), 3-14 (3350 Check), 3-16 (3350 Payments).

Plaintiff alleges that Defendants misrepresented the nature of the Policies, sold Plaintiff a product unsuitable for his needs that failed to perform as guaranteed, and failed to physically deliver the Policies. *See* Compl. ¶¶ 25-26, 28. Plaintiff additionally asserts, and the record likewise reflects, that Plaintiff became aware of Defendants' alleged misrepresentations and omissions on or about October 31, 2018. *See id.* ¶ 29; Pl.'s Decl. ¶ 12 (Doc. No. 79, at pp. 19-23); Fluharty Decl. ¶ 37; *id.* Exs. 3-17, 3-18, 3-19 (Cancellation Notifications).

### IV. *Discussion*

#### A. *Time-Barred Claims*

##### 1. *Fraud, Negligent Misrepresentation, and Violation of OCPA*

Defendant Mueller first asserts that Plaintiff's claims of constructive fraud, common law fraud, negligent misrepresentation, and violation of the Oklahoma Consumer Protection Act (Counts II, III, V, and VI) are time barred pursuant to the findings made by the Court in its Nationwide Order of September 27, 2024 (Doc No. 43). In that Order, the Court dismissed identical claims raised against the Nationwide Defendants as untimely filed. *See id.* at 3-7. Plaintiff argues to the contrary based on the assertion that Defendant Mueller has continued to make "false statements regarding the Nationwide policies to the Plaintiff up and until the time this case was filed." Pl.'s Resp. at 5.

A federal court sitting in diversity applies state law for statute of limitations purposes. *Miller v. Armstrong World Indus., Inc.*, 949 F.2d 1088, 1089 n.3 (10th Cir. 1991). "Therefore, Oklahoma law governs when Plaintiff's claims accrued, and Oklahoma's tolling rules apply, as well." *Hi-Tex, LLC v. Vorel*, No. CIV-21-1125-D, 2025 WL 1679640, at *7 (W.D. Okla. June 13, 2025). Under Oklahoma law, a two-year limitations period applies to Plaintiff's fraud and negligent misrepresentation claims. *See* Nationwide Order of Sept. 27, 2024, at 4; Okla. Stat. tit. 12, § 95(A)(3); *LL Ark Props. LLC v. David Stanley Fam. Realty, LLC*, No. CIV-19-464-SLP, 2022 WL 5245205, at *3 (W.D. Okla. Aug. 11, 2022). A three-year limitations period applies to Plaintiff's OCPA claim. *See Legacy Crossing, L.L.C. v. Travis Wolff & Co.*, 229 F. App'x 672, 682 (10th Cir. 2007) (citing Okla. Stat. tit. 12, § 95(A)(2)).

"[U]nder Oklahoma's 'discovery rule,' a statute of limitations is tolled 'until the injured party knows, or in the exercise of reasonable diligence, should have known of the injury.'" *LL Ark Props.*, 2022 WL 5245205, at *3 (quoting *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016)); *see also* Okla. Stat. tit. 12, § 95(A)(3) ("[T]he cause of action in [a fraud] case shall not be deemed to have accrued until the discovery of the fraud."). As for equitable tolling, Oklahoma permits the tolling of a statute of limitations (1) where there exists a "legal disability," such as when "a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority"; (2) "when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights"; or (3) "in the appropriate case," when "exceptional circumstances" are present.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (alteration and internal quotation marks omitted).

Plaintiff's own allegations establish that he became aware of Defendants' alleged misrepresentations and omissions on or about October 31, 2018—approximately four years and nine months before this action was filed in July 2023.  *See* Compl. ¶ 29; Pl.'s Decl. ¶ 12.  Plaintiff asserts that he attempted to contact Defendant Mueller at that time for resolution but "to date, Mueller has refused to return [Plaintiff's] numerous emails and phone calls."  Compl. ¶ 29.

Plaintiff cites no evidence to establish a genuine dispute as to whether Plaintiff had knowledge of Defendant Mueller's alleged improper actions in October 2018.  Instead, Plaintiff argues:

> [A]lthough . . . Plaintiff's claims against Mueller manifested themselves in 2018, Mueller's bad acts were on going and continued well into 2023. . . . . Mueller was still making false statements regarding the Nationwide policies to . . . Plaintiff up and until the time this case was filed. . . . . Because this conduct was ongoing into 2023 there is no time bar as to any claims of . . . Plaintiff against Mueller.

Pl.'s Resp. at 5.

To support his claim that Defendant Mueller's conduct persisted into 2023, Plaintiff refers to his declaration, in which he recounts that, up until their final meeting in the fall of 2020, Defendant Mueller "was still trying to straighten up the situation."  Pl.'s Decl. ¶ 16.  Plaintiff contends that it was not until 2021 that Defendant Mueller admitted that he could not get the policies issued the way he had sold them.  *See id.* ¶ 18.  As quoted above, however, Plaintiff pleads the inconsistent statement that as of the filing of the Complaint

6

Defendant Mueller had not contacted Plaintiff regarding the alleged policy issues. *See* Compl. ¶ 29.

Any recent "false statements" by Defendant Mueller may expand upon Plaintiff's claims, but they do not affect the point at which Plaintiff had sufficient knowledge to trigger the statute of limitations. *See In re Woodward*, 549 P.2d 1207, 1209 (Okla. 1976) (explaining that the statute of limitations begins to run when fraud could or should have been discovered with reasonable diligence). Moreover, the conduct Defendant Mueller is alleged to have engaged in does not reasonably reflect an effort to lull Plaintiff into delaying action. Plaintiff does not point to any evidence to support such an assertion, and Plaintiff himself acknowledged that he believes Defendant Mueller's misstatements were "made to me to keep me working with him." Pl.'s Decl. ¶ 17. Defendant Mueller continues to serve as Plaintiff's insurance agent to this day. Pl.'s Resp. at 5. Accordingly, the record reflects an intent to maintain the business relationship after October 2018 but does not reasonably demonstrate any intent by Defendant Mueller to prevent Plaintiff from pursuing legal remedies.

The Court therefore finds that no genuine dispute exists as to whether Plaintiff's claims based on constructive fraud, common law fraud, negligent misrepresentation, and violation of the OCPA are time barred as against Defendant Mueller. Defendant Mueller is entitled to judgment as a matter of law on these claims.

### 2. Breach of Contract

#### a. The Applicable Statute of Limitations

Pursuant to title 12, section 95(A)(1) and (2) of the Oklahoma Statutes, if an "instrument constitutes a written contract" then "the 5-year statute of limitations applies"; if the contract is "not in writing," "the 3-year statute of limitations applies." *Harlow Publ'g Co. v. Patrick*, 72 P.2d 511, 512 (Okla. 1937) (citations omitted); Okla. Stat. tit. 12, § 95(A)(1), (2). Defendant Mueller asserts that Plaintiff's breach of contract claim is barred by the applicable three-year statute of limitations for oral contract, thereby entitling Defendant Mueller to summary judgment. *See* Def. Mueller's Mot. Summ. J at 6.

Plaintiff argues that the claim instead is governed by and accrued within the five-year limitations period for written contracts and, because this case was initiated within five years of Plaintiff's October 31, 2018 discovery of Defendant Mueller's breach, is not time barred. *See* Pl.'s Resp. at 7-8.

Because Plaintiff admits that he and Defendant Mueller "never had a written contract," and therefore there is no genuine dispute as to that fact, the Court finds that the relevant statute of limitations period is three years from Defendant Mueller's alleged breach of the parties' oral agreement. Pl.'s Resp. at 9; *see Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 750 (Okla. 2021); Okla. Stat. tit. 12, § 95(A)(2); *see also E. Cent. Okla. Elec. Co-op., Inc. v. Okla. Gas & Elec. Co.*, 505 P.2d 1324, 1328 (Okla. 1973) ("Where the contracting parties have assented to all the terms of the contract, and they are completely understood in the same way by both parties, mere reference in conjunction

therewith of a future contract in writing will not negate the existence of a present contract.").

### b. Whether Plaintiff's Claim Was Timely Brought

In Oklahoma, "[a]n action for breach of contract accrues when the contract is breached," "regardless of whether the plaintiff knows, or in the exercise of reasonable diligence, should have known of the breach." *Morgan*, 488 P.3d at 745.

Plaintiff alleges that Defendant Mueller breached the contract by selling Plaintiff a product that was unsuitable for Plaintiff's needs and failed to perform as guaranteed and by failing to physically deliver the Policies to Plaintiff. *See* Compl. ¶¶ 25, 42; Pl.'s Dep. 128:25-131:5, 154:17-23; Pl.'s Decl. ¶¶ 5-7, 10, 12. The asserted breaches therefore arose when the Policies were issued or when Plaintiff began making premium payments but failed to receive the expected benefit.

The 1250 Policy was issued October 26, 2016, and Plaintiff's first premium was received and went into force on or about November 3, 2016. *See* Fluharty Decl. ¶¶ 9, 12, 14; Exs. 3-3, 3-4 (1250 Policy), 3-6 (1250 Receipt), 3-7 (1250 Check), 3-15 (1250 Payments). The 3550 Policy was issued April 25, 2017, and Plaintiff's policy went into force May 19, 2017. *See* Fluharty Decl. ¶¶ 16, 20, 21, 22; Exs. 3-9, 3-10 (3550 Policy), 3-13 (3350 Receipt), 3-14 (3350 Check), 3-16 (3350 Payments). By August 7, 2017, Plaintiff expressed concern over Defendants' perceived nonperformance. On that date, he wrote a letter to Defendant Mueller indicating that Nationwide Annuity was asking for premium payments he did not believe were owed. *See* Pl.'s Dep. 162:10-163:1; *id.* Ex. 39. At his

9

deposition, Plaintiff confirmed that he knew he "had a problem with [his] policies" by that time. Pl.'s Dep. 164:2-12.

The record therefore reflects that any breach by Defendant Mueller occurred no later than August 7, 2017. Because Plaintiff's claim for breach of their oral agreement was not commenced until July 21, 2023, the claim would be barred by the three-year limitations period of title 12, section 95(A)(2). *See Morgan*, 488 P.3d at 750, 753.

Plaintiff objects, however, that any statute of limitations does not bar the claim because the asserted breach is continuous due to Plaintiff's "ongoing contractual relationship with Mueller." Pl.'s Resp. at 7. In a footnote citing decisions such as *Chickasaw Telephone Co. v. Southwestern Bell Mobile Systems, Inc.*, No. 96-6357, 1997 WL 290951 (10th Cir. May 27, 1997), Plaintiff nominally argues that Defendant Mueller engaged in "a series of breaches each giving rise to a cause of action." Pl.'s Resp. at 8 n.31. But Plaintiff does not cite any record evidence proving a series of breaches, instead merely arguing that "defendants failed and refused to deliver and issue the insurance policies he applied for and paid for, which was a breach of contract, and that breach continues to this day." *Id.* at 8.

While Oklahoma does recognize a "continuous-accrual doctrine," which "treats each breach as an independently actionable wrong with its own time limit for recovery," such continuous accrual only applies to "a continuing or recurring obligation." *Express Servs., Inc. v. King*, No. CIV-15-1181-R, 2017 WL 3741555, at *7 (W.D. Okla. Aug. 30, 2017) (internal quotation marks omitted). For the continuous-accrual doctrine to apply, Plaintiff would need to demonstrate that the insurance contract created continuing or

recurring obligations on behalf of Defendant Mueller.  Plaintiff cites to no contract term or on-point authority supporting the proposition that Defendant Mueller's procurement of insurance "require[d] continuing performance for some period of time" or was an "installment contract."  *Chickasaw Tel. Co.*, 1997 WL 290951, at *4 (internal quotation marks omitted).  Therefore, any injury suffered by Plaintiff after Defendant Mueller's alleged failure to perform "constitutes damages flowing from the breach, not continuing breaches."  *Id*.

Because Defendant Mueller's alleged breach of the agreement occurred no later than August 7, 2017, Plaintiff's breach of contract claim was required to be filed within three years of that date.  *See Morgan*, 488 P.3d at 750; Okla. Stat. tit. 12, § 95(A)(2).  This action was not commenced until July 21, 2023.  Therefore, Plaintiff's claim is time barred, and Defendant Mueller is entitled to summary judgment.

### B.  *Plaintiff's Claim for Deceptive Insurance Practices*

Plaintiff seeks relief for Defendant Mueller's "deceptive conduct" under title 36, section 1204 of the Oklahoma Statutes.  Compl. ¶ 55.  Defendant Mueller argues, and Plaintiff concedes, that there is no private right of action to seek relief under the statute. *See* Def. Mueller's Mot. Summ. J. at 5-6; Pl.'s Resp. at 6; *see also Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1231 (W.D. Okla. 2008).  Accordingly, Defendant Mueller is entitled to summary judgment on this claim.

### C.  *Plaintiff's Claim for Breach of Fiduciary Duty*

Defendant Mueller moves for summary judgment on Plaintiff's claim for breach of fiduciary duty, asserting that no "special" relationship existed to create a fiduciary duty

and, in any event, such a claim would be time barred.  *See* Def. Mueller's Mot. Summ. J at 7; Def. Mueller's Reply at 4.

To recover on this claim, Plaintiff must prove: "(1) the existence of a fiduciary relationship; (2) a breach of fiduciary duty; and (3) the breach of a fiduciary duty was the direct cause of damages."  *Graves v. Johnson*, 359 P.3d 1151, 1155 (Okla. Civ. App. 2015). Under Oklahoma law, "[f]iduciary or confidential relationship has a broad meaning that includes legal, contractual, formal, and informal relations and exists when one person trusts and relies upon another."  *Horton v. Hamilton*, 345 P.3d 357, 364 (Okla. 2015).

> Such a relationship exists when one person acquires influence over another such that the influenced allows the influencer to substitute his or her will for the influenced's own.  The confidence's source is of no consequence.  In most instances, the question of a fiduciary relationship is for a trier of fact.

*Id.* (citations omitted).

In *Snow White, LLC v. State Auto Property & Casualty Insurance Co.*, No. CIV-14-1397-F, 2015 WL 13573971 (W.D. Okla. Mar. 3, 2015), a judge of this Court dismissed an insured's claim for breach of fiduciary duty, explaining that Oklahoma law does not recognize a fiduciary relationship between an insurer, including an insurance agent, and its insured.  *See id.* at *2 ("The Oklahoma Supreme Court . . . previously held that 'an insureds' relationship with their insurer was at arms' length and they did not stand in any recognized form of "special relationship."'" (quoting *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 150 (Okla. Civ. App. 2013))).  Here, likewise, a mere insured-insurer status between Plaintiff and Defendant Mueller does not establish the existence of a fiduciary relationship under Oklahoma law.

Plaintiff argues that a fiduciary relationship was present in this instance, however, as Defendant Mueller's relationship with Plaintiff goes beyond that of only an insurance agent and the facts and circumstances reflect the requisite trust and confidence between the parties. *See* Compl. ¶¶ 14-15, 32; Pl.'s Resp. at 14. The Tenth Circuit has noted that "Oklahoma law would recognize a fiduciary duty arising out of a commercial contract if the transaction involved facts and circumstances indicative of the imposition of trust and confidence, rather than facts and circumstances indicative of an arms length commercial contract." *Quinlan v. Koch Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994). *But cf. Siddique v. W. Heritage Ins. Co.*, No. CIV-14-456, 2015 WL 2451734, at *2 (E.D. Okla. May 21, 2015) (finding that, absent any pleading or discovery reflecting a relationship of trust and confidence, the plaintiff failed to plausibly allege a fiduciary duty arising out of an insurer–insured relationship).

Even assuming Plaintiff could show a genuine fact issue as to whether a special relationship existed between the parties sufficient to give rise to a fiduciary duty, however, the Court concurs with Defendant Mueller that Plaintiff's claim is time barred. A claim for breach of fiduciary duty is subject to a two-year statute of limitations, which runs from when "the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Hi-Tex*, 2025 WL 1679640, at *7-8 (internal quotation marks omitted) (citing Okla. Stat. tit. 12, § 95(A)(3); *Calvert*, 382 P.3d at 1033).

Defendant Mueller argues that the claim accrued on or before October 31, 2018, when Plaintiff became aware of Defendants' alleged misrepresentations. *See* Compl. ¶ 29;

13

Pl.'s Decl. ¶ 12.  Plaintiff maintains that this awareness is immaterial, implicitly invoking

the doctrine of equitable estoppel:

> Importantly, even up until the time of the filing of this case, Mueller continued to assure Plaintiff he would make the situation with the Nationwide Defendants right and that Plaintiff had nothing to worry about. Mueller continued to promise Plaintiff that he would find another policy and get Plaintiff value for what he paid for.  It was not until Plaintiff filed this action in Oklahoma did Plaintiff realize he had been strung along by Mueller. This is further amplified by the fact that Mueller was not a part of the original suits against the Nationwide Defendants; Mueller professed even then that he would make it right to him.

Pl.'s Resp. at 15; *see also* Pl.'s Decl. ¶ 16 (alleging interaction between the parties until the

fall of 2020).

> Under Oklahoma law,
>
> [a] party may be equitably estopped to assert a statute-of-limitations defense where . . . he engaged in any false, fraudulent[,] or misleading conduct or committed some affirmative act to exclude suspicion and preclude inquiry, which induces one to refrain from timely filing suit.

*Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R, 2011 WL 7053790, at *4

(W.D. Okla. July 14, 2011).

> The elements of equitable estoppel are 1) a false representation or concealment of facts; 2) made with knowledge, actual or constructive of the real facts; 3) the party to whom the false representation is made or from whom the facts are concealed must have been without knowledge, or the means of knowledge, of the real facts; 4) the misrepresentation or concealment must have been made with the intention that it should be acted upon (or to induce forbearance from acting); and the party to whom the misrepresentation was made or from whom facts are concealed must have relied on, acted upon or forborne from acting as a result to his prejudice.

*Id.*

The summary judgment record reflects no genuine dispute as to the fact that Plaintiff became aware of Defendant Mueller's alleged misrepresentations and omissions no later than October 31, 2018, approximately four years and nine months prior to filing this suit in July of 2023. Though aware of the facts underlying his claimed injury, Plaintiff purportedly chose to rely on Defendant Mueller's later assurances that Defendant Mueller would "make it right." Alleged statements made by Defendant Mueller *after* Plaintiff became aware of the facts giving rise to his claim do not support application of equitable estoppel. *See id.*

Because Plaintiff failed to file this action within the applicable two-year period, the claim is barred under Oklahoma law. *See Hi-Tex*, 2025 WL 1679640, at *7-8; Okla. Stat. tit. 12, § 95(A)(3). Accordingly, Defendant Mueller is entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, Defendant James A. Mueller's Motion for Summary Judgment (Doc. No. 74) is GRANTED. A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

15