**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEW S. MCGINNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-23-641-G |
| | ) |
| NATIONWIDE LIFE AND ANNUITY | ) |
| INSURANCE CO. et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Now before the Court is Defendant Nationwide Life Insurance Co.'s Motion for Summary Judgment (Doc. No. 73). Plaintiff Lew S. McGinnis has responded in opposition (Doc. No. 78), and Defendant Nationwide Life Insurance Co. has replied (Doc. No. 81).

I.   *Background*

Plaintiff filed this action on July 21, 2023, against Defendants Nationwide Life and Annuity Insurance Co., Nationwide Life Insurance Co. ("Nationwide Life") (together, the "Nationwide Defendants"), James A. Mueller, and The ASA Group. *See* Compl. (Doc. No. 1) at 1. Still pending, following the Court's Orders of September 27, 2024, are claims of breach of contract against each of the Nationwide Defendants as well as various claims against Defendant Mueller; all claims against Defendant The ASA Group were dismissed. *See* Nationwide Order of Sept. 27, 2024 (Doc. No. 43); Dismissal Order of Sept. 27, 2024 (Doc. No. 44). Defendant Nationwide Life now moves for summary judgment on the remaining claim against it for breach of contract.

II.    *Standard of Review*

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim.  The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury.  *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B).  While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola*

2

*Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

III.    *Summary Judgment Record*

Based on the materials presented and applying the standards described above, the following facts are either not subject to any genuine dispute or, when such a dispute has been shown, have been accepted by the Court upon viewing the evidence and all reasonable inferences in the light most favorable to Plaintiff.  *See* Fed. R. Civ. P. 56.  Other material facts, determined upon applying these same standards, are specifically addressed in the Court's discussion below.

Defendant Mueller is an independent insurance agent who was affiliated with former defendant The ASA Group for 20 years.  Mueller Decl. ¶¶ 2-3 (Doc. No. 71-2). Through Defendant Mueller, Plaintiff purchased life insurance from various insurers.  *See* Pl.'s Dep. 21:11-17 (Doc. No. 71-1); *id.* Ex. 38; Mueller Decl. ¶ 6.

Between 2016 and 2017, Defendant Mueller procured two life insurance policies for Plaintiff from Defendant Nationwide Life and Annuity Insurance Co.: Policy Nos. B501931250 and B502053550 (respectively, the "1250 Policy" and the "3550 Policy"; collectively, the "Policies").  *See* Fluharty Decl. ¶¶ 9, 12, 14 (Doc. No. 71-3); *id.* Exs. 3-3, 3-4 (1250 Policy), 3-6 (1250 Receipt), 3-7 (1250 Check), 3-15 (1250 Payments); Fluharty Decl. ¶¶ 16, 20-22; *id.* Exs. 3-9, 3-10 (3550 Policy), 3-13 (3350 Receipt), 3-14 (3350 Check), 3-16 (3350 Payments).

Plaintiff alleges that Defendants misrepresented the nature of the Policies, sold Plaintiff a product unsuitable for his needs that failed to perform as guaranteed, and failed to physically deliver the Policies. *See* Compl. ¶¶ 25-26, 28. Plaintiff further contends that Defendants blurred any distinction between the Nationwide entities in their communications and documents, presenting them as a single or interchangeable company sharing the same address, phone number, and website, thereby rendering Nationwide Life a proper party to this action. *See* Pl.'s Decl. ¶ 14 (Doc. No. 77, Ex. 1); Pl.'s Resp. at 6.

IV.    *Discussion*

Defendant Nationwide Life asserts that Plaintiff's breach of contract claim fails for lack of privity, entitling Defendant to summary judgment. *See* Def. Nationwide Life's Mot. Summ. J. at 5. Plaintiff contends that a genuine dispute of material fact remains as to whether Defendant Nationwide Life was a contracting party due to the purported interchangeable references to both Nationwide Defendants within the insurance materials furnished to Plaintiff. *See* Pl.'s Resp. at 6.

"Under well-settled Oklahoma law, insurance policies are contracts interpreted as a matter of law." *Atain Speciality Ins. Co. v. Tribal Constr. Co.*, 912 F. Supp. 2d 1260, 1268 (W.D. Okla. 2012) (citing *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005)). To establish a breach of contract claim, the plaintiff must show: (1) formation of a contract, including that the defendant was a party to the contract; (2) a breach of that contract; and (3) damages directly resulting from the breach. *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001); *Proe v. Diamond Homes*, 574 P.3d 1, 8 (Okla. Civ. App. 2025).

"[C]ontracts are binding only upon those who are parties thereto, and are enforceable only by the parties to a contract, or those in privity with it." *Drummond v. Johnson*, 643 P.2d 634, 639 (Okla. 1982) (footnote omitted). It follows that, "[u]nder Oklahoma law, an insured cannot state a claim for breach of contract against an entity with whom the insured is not in privity of contract." *Lightfoot v. Safeco Ins. Co. of Am.*, No. CIV-24-604-PRW, 2025 WL 685223, at *2 (W.D. Okla. Mar. 3, 2025) (internal quotation marks omitted); *see also Wise v. CSAA Gen. Ins. Co.*, No. 16-CV-0100, 2016 WL 1732746, at *2 (N.D. Okla. Apr. 29, 2016).

As explained by a judge of this Court in *Lightfoot*, privity of contract does not arise from the type of "involvement" seen here. In that case, the plaintiff asserted a breach of contract claim against an insurance company, contending that the company was in privity of contract due to various references to the company in the relevant policy and accompanying paperwork. *See Lightfoot*, 2025 WL 685223, at *2-3. The company countered that privity was lacking, citing the policy document reflecting that it was not a named issuer. *See id.* at *2. Further, the policy definitions' references to "we," "our," and "us" did not include the defendant company. *See id*. Because the policy contained no provisions binding the company, Judge Wyrick held that "such 'involvement' [was] insufficient to create a binding contractual relationship" and dismissed the claim. *Id.*

Here the Policies and their respective illustrations name only Defendant Nationwide Life and Annuity Insurance Co. as the issuer of the contract. *See* Nationwide Defs.' Mot. to Dismiss (Doc. No. 18) Exs. 1 (1250 Policy) at 2, 26, 29; Ex. 2 (1250 Illustration); Ex. 3 (3550 Policy) at 3, 27, 29; Ex. 4 (3550 Illustration). The Policies' definition sections

further clarify that any references to "Nationwide" made therein pertain to Defendant Nationwide Life and Annuity Insurance Co.  *See* Nationwide Defs.' Mot. to Dismiss Ex. 1 (1250 Policy) at 5; Ex. 3 (3550 Policy) at 6.  The Policies therefore contain no provision binding Defendant Nationwide Life to the contract.

Plaintiff refers to the fact that the Nationwide Defendants have jointly filed materials in this case and to several joint interrogatory responses in an attempt to further implicate Defendant as a party to the contract.  *See* Pl.'s Resp. at 10-13.  But "[a]n insurance contract should be construed according to the terms set out within the four corners of the document." *Shelter Mut. Ins. Co. v. Martindale*, No. CV-17-1243-C, 2019 WL 80442, at *2 (W.D. Okla. Jan. 2, 2019) (internal quotation marks omitted).

Accordingly, Defendant Nationwide Life Insurance Co. is entitled to judgment as a matter of law on Plaintiff's claim for breach of contract.[1]

CONCLUSION

For the foregoing reasons, Defendant Nationwide Life Insurance Co.'s Motion for Summary Judgment (Doc. No. 73) is GRANTED.  A separate judgment shall be entered.

---

[1] Defendant Nationwide Life additionally asserts that Plaintiff's claim is barred by the statute of limitations.  *See* Def. Nationwide Life's Mot. Summ. J. at 1; Okla Stat. tit. 12, § 95(A)(1).  Plaintiff does not address this argument in his Response.  For the same reasons set forth in the Order granting summary judgment to Defendant Nationwide Life and Annuity Insurance Co., the Court finds that the record reflects no genuine dispute as to whether Plaintiff's claim against Defendant Nationwide Life is time barred.  Defendant Nationwide Life is also entitled to summary judgment on this basis.

IT IS SO ORDERED this 30th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge