**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEW S. MCGINNIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-641-G** |
| | ) | |
| **NATIONWIDE LIFE AND ANNUITY INSURANCE CO. et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Now before the Court is a Motion for Attorney's Fees (Doc. No. 99) filed by Defendants Nationwide Life and Annuity Insurance Company and Nationwide Life Insurance Company (the "Nationwide Defendants"). Plaintiff Lew S. McGinnis has responded (Doc. No. 100), and Nationwide Defendants have replied (Doc. No. 106).

*I. Background*

Plaintiff initiated this action in July of 2023, bringing multiple claims against four defendants. Pursuant to the Court's Amended Scheduling Order (Doc. No. 52), all dispositive motions were due on or before September 2, 2025.

On September 2, 2025, Plaintiff, through counsel, filed a Motion for Summary Judgment (the "MSJ Motion," Doc. No. 70), as well as an Appendix (Doc. No. 72). Nationwide Defendants' counsel Peter Kramer has declared under penalty of perjury that he and his colleagues then "immediately began working on the Nationwide Defendants' opposition" to Plaintiff's summary-judgment motion, which was due September 23, 2025. Defs.' Mot. Ex. 1, Kramer Decl. ¶ 4 (Doc. No. 98-1); *see* LCvR 7.1(g).

At no time did Plaintiff or Plaintiff's counsel communicate to Nationwide Defendants that Plaintiff was intending to withdraw the MSJ Motion. Kramer Decl. ¶ 6. Had Plaintiff done so, Nationwide Defendants "would have immediately stopped work on the opposition brief." *Id.* ¶ 7.

On September 21, 2025, Plaintiff filed a Motion to Withdraw (Doc. No. 75), seeking to withdraw the MSJ Motion and Appendix. In support, Plaintiff stated that he had determined: (i) that "personally identified documentation" was included in the filings "that should not be part of the pleadings"; and (ii) "there are facts issues for trial that may prevent summary judgments being granted in this case." *Id.* at 1. The following day, Plaintiff filed a Notice of Withdrawal (Doc. No. 76) repeating these contentions.

On September 23, 2025, Nationwide Defendants filed their Opposition (Doc. No. 80) to the MSJ Motion.

On October 9, 2025, the Court granted Plaintiff's Motion to Withdraw and deemed the MSJ Motion and Appendix withdrawn. *See* Order of Oct. 9, 2025 (Doc. No. 90).

*II. Nationwide Defendants' Motion for Attorney's Fees*

Nationwide Defendants now request recovery of attorney's fees for a portion of the work performed in drafting the Opposition. *See* Defs.' Mot. at 1-2; *see also* LCvR 54.2. Nationwide Defendants state that they "are not seeking all fees incurred in responding to Plaintiff's withdrawn motion," as they were able to use some of the work done for the Opposition in replying on their own summary-judgment motion. Defs.' Mot. at 3 n.2.

So reduced, Nationwide Defendants seek an award of $15,739.00, representing the fees attributable to nearly 30 hours of work spent by counsel in preparing the Opposition.

*See id.* at 2-3; Kramer Decl. ¶¶ 8-10; Defs.' Mot. Ex. 2, Nat'l Counsel Timesheet (Doc. No. 98-2), at 2-3; Defs.' Mot. Ex. 3, Resident Counsel Timesheet (Doc. No. 98-3) at 2-3.

Plaintiff objects to a fee award, arguing that there was no dilatory or improper motivation in the withdrawal of the MSJ Motion. *See* Pl.'s Resp. 2-3. Rather, Plaintiff's counsel realized, after "Nationwide Defendants' attorney had already worked on their response," "that too many fact issues were present," making "summary judgment inappropriate." *Id.* at 2.

In support, Nationwide Defendants cite 28 U.S.C. § 1927, which provides:

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Court "has broad discretion" "to assess attorney's fees against an attorney personally as a sanction" under § 1927. *Frey v. Town of Jackson*, 41 F.4th 1223, 1241, 1245 (10th Cir. 2022). But the § 1927 standard is "extreme," and the statute is "strictly construe[d]" to avoid "dampen[ing] the legitimate zeal of an attorney in representing his client." *Id.* at 1244-45 (internal quotation marks omitted); *see also Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (explaining that the imposition of sanctions under § 1927 "does not require a finding of bad faith" but the court is "entitled to demand that an attorney exhibit some judgment" (internal quotation marks omitted)). "[A] district court should act under § 1927 only in instances evidencing a serious and

standard disregard for the orderly process of justice." *Frey*, 41 F.4th at 1244 (internal quotation marks omitted).

Upon careful review, the Court will deny Nationwide Defendants' request for sanctions. The Court agrees that, as a general practice, it is preferable for an attorney who will be seeking withdrawal of a pending motion to apprise opposing counsel of that fact ahead of filing the request with the court. And Plaintiff's recognition of factual disputes may not entirely explain the withdrawal. *Cf. Buell Cabinet Co. v. Sudderth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

The record does not reflect, however, that this single litigation choice "multiplie[d] the proceedings" "unreasonably and vexatiously." 28 U.S.C. § 1927. Plaintiff has plausibly explained the decision, with Plaintiff's counsel believing, after consulting with her associates and her client, that "it was [her] duty to withdraw the motion promptly once [she] fully understood that fact issues existed." Lindauer Aff. ¶¶ 2-4 (Doc. No. 100). And, as noted, Nationwide Defendants were able to repurpose some of the work done on the Opposition in presenting their own (successful) summary-judgment motion.

CONCLUSION

For the foregoing reasons, Nationwide Defendants' Motion for Attorney's Fess (Doc. No. 99) is DENIED.

IT IS SO ORDERED this 3rd day of August, 2026.

CHARLES B. GOODWIN
United States District Judge